UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| H-T INVESTMENT CORPORATION d/b/a MIDTOWN CORNER (BK) § § § *Plaintiff*, § § v. § § WESTCHESTER SURPLUS LINES § INSURANCE COMPANY, § § *Defendant*. § | | Case No. 4:19-cv-4995 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Westchester Surplus Lines Insurance Company ("Westchester") files this Notice of Removal, and would respectfully show the Court the following:

## BACKGROUND

1. On November 18, 2019, Plaintiff, H-T INVESTMENT CORPORATION d/b/a MIDTOWN CORNER (BK) ("Plaintiff"), filed a lawsuit against Westchester in Cause No. 201983215; *H-T Investment Corporation d/b/a Midtown Corner (BK) v. Westchester Surplus Lines Insurance Company*; in the 151st Judicial District Court of Harris County, Texas.[1]

2. Service of process was made upon Westchester on November 25, 2019.[2] Westchester timely filed this Notice of Removal within the 30-day deadline required by 28 U.S.C. §1446(b).

---

[1] A copy of the Original Petition is attached as Exhibit 1.
[2] *See* Exhibit 2, Citation Return.

## BASES FOR REMOVAL

3.  This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is an action between citizens of different states wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.  Removal is proper based on diversity of citizenship. 28 U.S.C. 1332(a). In particular:

    a.  Plaintiff is a corporation incorporated under the laws of the State of Texas with its principal place of business in Harris County, Texas. Therefore, Plaintiff is a citizen of Texas.

    b.  Westchester is a Georgia corporation with its principal place of business in Philadelphia, Pennsylvania. Therefore, Westchester is a citizen of Georgia and Pennsylvania.

5.  Plaintiff alleges in its Original Petition that the actual damages to its property are $101,518.05, and Plaintiff seeks monetary relief of no less than $200,000 and no more than $1,000,000.[3] Although Westchester disputes liability and damages, it is evident from Plaintiff's Original Petition that Plaintiff alleges claims for monetary relief which, if granted, would exceed $75,000.00, exclusive of interest and costs. Therefore, the amount in controversy exceeds the $75,000.00 threshold required to invoke this Court's jurisdiction. All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441(b).

---

[3]   Exhibit 1 at ¶¶ 51, 59.

6. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Harris County, Texas, the place where the removed action has been pending.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the 151st Judicial District Court of Harris County, Texas and provided to all parties.

8. All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a). Those filings consist of:

Exhibit 1:  Original Petition, Jury Demand, and Request for Disclosure;

Exhibit 2:  Citation Return;

Exhibit 3:  Defendant Westchester Surplus Lines Insurance Company's Original Answer;

Exhibit 4:  Docket Control Order;

Exhibit 5:  A list of all parties and counsel in the case, their party type, the current status of the removed case, and the name and address of the court from which the case was removed

Exhibit 6:  The Docket Sheet;

Exhibit 7:  Civil Cover Sheet; and

Exhibit 8:  A record of which parties have requested a jury trial.

## CONCLUSION

Because the amount in controversy exceeds $75,000.00 and complete diversity of citizenship exists, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, and the action is properly removed pursuant to 28 U.S.C. § 1441. Defendant Westchester Surplus Lines Insurance Company respectfully requests that the United States District Court for the Southern District of Texas, Houston Division, accept and file this Notice of Removal, assume jurisdiction of this action, and issue all such further orders as may be necessary.

Respectfully submitted,

*s/ Joseph A. Ziemianski*
Joseph A. Ziemianski
Attorney-in-Charge
Texas State Bar No. 00797732
E-mail: jziemianski@cozen.com

OF COUNSEL:

Stephanie Villagomez Lemoine
Texas Bar No. 24053028
E-mail:  slemoine@cozen.com

COZEN O'CONNOR
1221 McKinney Street, Suite 2900
Houston, Texas  77010
(832) 214-3900
(832) 214-3905 (Fax)

ATTORNEYS FOR DEFENDANT,
WESTCHESTER SURPLUS LINES
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure on this the 23rd day of December, 2019, as follows:

Chad T. Wilson
Patrick C. McGinnis
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com
***Counsel for Plaintiff***

*s/ Joseph A. Ziemianski*
Joseph A. Ziemianski